**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 2:25-cv-657 |
|  | : |  |
| Plaintiff, | : | District Judge Edmund A. Sargus, Jr. |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
|  | : |  |
| SHARON L. KENNEDY, *et al.,* | : |  |
|  | : |  |
| Defendants. | : |  |

---

**REPORT AND RECOMMENDATIONS[1]**

---

Plaintiff, a prisoner at the Chillicothe Correctional Institution, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis.* (Doc. 4).

This matter is before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.      Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendations.

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands

---

[2] Formerly 28 U.S.C. § 1915(d).

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.      Complaint Allegations**

Plaintiff brings this Complaint in connection with his 2016 Hamilton County, Ohio conviction and sentence. *See generally*, Doc. #1-1. According to Plaintiff, he was charged and

prosecuted under an unconstitutional statute, provided an unfair jury trial, and wrongfully convicted of two counts of rape. *Id*. at 11-12. As detailed below, Plaintiff names various judges as Defendants based on his allegation that these individuals conspired and improperly denied his post-conviction motions and related appeals in the Ohio courts. *Id*. at 13-17.

Plaintiff specifically alleges that on September 6, 2017, he filed a timely petition for postconviction relief in the Hamilton County, Ohio trial court. (Doc. #1-1, *PageID* #13). According to Plaintiff, the trial court "illegally dismissed my 2017 petition without findings of Facts and conclusions or a hearing to determine the validity of the facts proffered in the affidavits" supporting the petition. *Id.* at 13. Plaintiff further alleges that he filed a successive postconviction petition in December 2019, which was also denied by the trial court. *Id*. at 12.

Plaintiff indicates that he appealed the decision to the Ohio First District Court of Appeals in Case No. C-230333, which was filed on June 21, 2023. (Doc. #1-1, *PageID* #13). On March 27, 2024, Defendant Judge Marylin Zayas issued an Opinion affirming the judgment of the trial court. *Id*. Plaintiff's subsequent motions for reconsideration and "motion to recall the mandate" were also denied in the Ohio appeals court. *Id*. at 14. Plaintiff claims that Defendant Appellate Judges Zayas, Robert Winkler, and Jennifer Kinsley improperly failed to compel the trial court to correct its alleged errors or properly rule on his motions. *Id*. at 14-15. In particular, Plaintiff claims that "[a]fter the Appeals Court Justices of the First District of Ohio erroneously denied my appeal . . . they took it a step further and denied me equitable tolling to timely appeal to the Ohio Supreme Court by characterizing my motion for reconsideration as untimely." *Id.* at 15. Plaintiff claims that the appellate court judges deprived him of his right to appeal to the Ohio Supreme Court, as well as his constitutional due process and equal protection rights. *Id*. at 13-16.

4

In November of 2024, Plaintiff alleges that he filed an original mandamus action in the Ohio Supreme Court, requesting that a mandate issue to "the Hamilton County Appeals Court to recall their mandate to reflect that [his] first motion for reconsideration was timely so that [he] may properly appeal to the Ohio Supreme Court as a timely appeal." (Doc. #1-1, *PageID* #16). Plaintiff claims that the Ohio Supreme Court Justices—Defendant Justices Kennedy, DeWine, Brunner, Deters, Hawkins, and Shanahan—improperly denied him relief/declined jurisdiction over his appeal. *Id*.

Based on the factual allegations asserted in the Complaint, Plaintiff claims all Defendants conspired against him and deprived him of due process and equal protection of the law. (Doc. #1-1, *PageID* #17).  Plaintiff states that he seeks prospective injunctive and declaratory relief, as well as monetary damages.[3] *Id.* at 20-21.

### C.      Analysis

For the reasons set forth below, the Complaint should be dismissed in its entirety.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff in essence asks this Court to review the decisions of the Ohio First District Court of Appeals and Ohio Supreme Court, declare that the state-court judgments violated Ohio App. R. 26(A) and United States Constitution, and issue an Order in effect reversing the Ohio courts.  As requested by Plaintiff, he seeks an Order requiring the Ohio First District Court of Appeals to "reissue my mandate" and "plac[e] me back in the legal space and time continuum, so that I may appeal the abuse of discretion under the label of a timely appeal to the Ohio Supreme Court."

---

[3] Plaintiff requests $70,000.02 from Defendants, in part, for "malicious and intentional misconduct, deduced and enumerated in the emotional denial of both reconsiderations."  (Doc. #1-1, *PageID* #20).

(Doc. #1-1, *PageID* #s 20-21).[4] However, this Court does not have jurisdiction to directly review state court decisions. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts."). Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court.").

To the extent that Plaintiff asks this Court to invalidate Defendants' actions in the state courts, his claims should be dismissed under the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. *See also Smith v. Lawrence Cnty. Sheriff's Dep't.*, 84 F. App'x 562, 563 (6th Cir. 2003) ("A plaintiff does not avoid this jurisdictional problem "by couching his claims against the various defendants in terms of a civil rights action."). Here, Plaintiff alleges that the judicial Defendants improperly ruled on his state-court filings, allegedly depriving him of the ability to appeal to the Ohio Supreme Court and violating his constitutional rights. (Doc. #1-1, *PageID* #s 15-16). *See e.g., Barnaby v. Mayfield*, No. 20-1564, 2021 WL 2470304, at *2 (6th Cir. May 5, 2021) (finding that the plaintiff's "challenge to the defendant judges' 'issuance' of state-court orders and judgments is essentially a challenge to the orders and judgments themselves," and properly barred under *Rooker-Feldman*). Thus, to the extent that

---

[4] With respect to the Ohio Supreme Court, Plaintiff claims that the state supreme court dismissed his appeal "contrary to established Ohio law and Federal law, which brings me here today seeking prospective equitable relief to grant me equal protection of the law as to the equitable tolling of the Ohio statute Ohio App. R. 26(A)." (Doc. #1-1, *PageID* #16). He states that he sues Defendants to stop what he characterizes as an ongoing constitutional violation stemming from the alleged improper judgments. *Id*. at 17.

Plaintiff seeks the Court to review Defendants' rulings, to declare Defendants' rulings unconstitutional,[5] and to invalidate Defendants' rulings, his claims should be dismissed.

Plaintiff's conspiracy claims should also be dismissed.   According to Plaintiff, the named Defendants—each judge/justice involved in the adjudication of his appeals—conspired against him, resulting in an ongoing violation of his rights.  (Doc. #1-1, *PageID* #s 17-18, 19).  However, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim."  *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity").  Here, construing the Complaint liberally, Plaintiff's factual allegations are insufficient to suggest that the named Defendants shared a conspiratorial objective or otherwise planned together to deprive him of his constitutionally protected rights at every stage of his appellate and post-conviction proceedings. Plaintiff's unsubstantiated and conclusory claims against Defendants based on a conspiracy theory lack the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983 and should therefore be dismissed.

Additionally, the named Defendants are immune from suit.  Plaintiff indicates that he seeks to hold Defendants liable in their official capacities.  (Doc. 1-1, *PageID* #17).  However, a suit against Defendants in their official capacities is the same as a claim against the State of Ohio. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit

---

[5] To this end, Plaintiff seeks a declaration that "the ongoing actions of Defendants, state judges, violate Plaintiff's rights under the Equal Protection of the Laws, and Due process of the 14th Amendment to the United States Constitution."  (Doc. #1-1, *PageID* #21).

against a State or one of its agencies or departments in federal court, regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). *See also Thiokol Corp. v. Dep't. of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments"). "Because official capacity suits against state officials are suits against their employer—the state—this immunity also extends to such officers in their official capacities." *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1355 (S.D. Ohio 2023) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984) and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

"There are three exceptions to a State's sovereign immunity" under the Eleventh Amendment: when Congress has abrogated it, when the State has consented to suit, or when the *Ex Parte Young* exception applies. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) and *Ex parte Young*, 209 U.S. 123 (1908)). The first two exceptions do not apply here, as "Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983." *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020). The third exception—the *Ex Parte Young* exception—which allows some state officials to be sued in their official capacity for purely prospective injunctive relief,[6] also does not apply. "That is because the *Ex parte Young* exception expressly prohibits injunctions directed toward state *judicial* officers regarding their adjudication

---

[6] "The *Ex parte Young* exception does not, however, extend to any retroactive relief." *S & M Brands,* 527 F.3d at 508 (citing *Quern v. Jordan*, 440 U.S. 332, 338 (1979)). Here, Plaintiff requests an Order from this Court "placing me back in the legal space and time continuum" before the Ohio Courts allegedly improperly denied his post-conviction petitions and appeals. (Doc. #1-1, *PageID* #s 20-21). As in *Williams*, Plaintiff "asks the Court to correct the past . . . the definition of *retrospective* equitable relief." *Williams*, 708 F.Supp.3d at 1362-63.

8

of the cases and controversies put before them." *Williams*, 708 F. Supp. 3d at 1355 (citing *Ex Parte Young*, 209 U.S. at 163 (explaining that "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our government")) (emphasis in original). As no exception applies, all claims against Defendants in their official capacities are barred by the State of Ohio's sovereign immunity under the Eleventh Amendment and should be dismissed.

Finally, to the extent that Plaintiff may seek to hold Defendants liable in their individual capacities, any such claims should also be dismissed. Judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, so long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985). Plaintiff's complaint alleges no facts plausibly suggesting that the named Defendants presided over the matter in the absence of subject matter jurisdiction or performed non-judicial acts.

Furthermore, although Plaintiff additionally seeks prospective injunctive relief against Defendants in their individual capacities, Section 1983 itself "bars injunctive relief against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Wright v. Finley*, No. 1:19-cv-819, 2021 WL 680243, *4 (S.D. Ohio Feb. 22, 2021) (McFarland, D.J.) (quoting 42 U.S.C. § 1983). "Thus, [although] the statute generally prohibits suits for injunctive relief against judicial officers but provides exceptions for violations of declaratory decrees or the unavailability

9

of declaratory relief," Plaintiff did not allege those exceptions in his Complaint, and they do not otherwise appear to apply. *Id.* Therefore, any claims against Defendants for injunctive relief in their individual capacities should also be dismissed. *See Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) (concluding that a district court "properly dismissed plaintiffs' claim [against a judicial officer] seeking injunctive relief, because the plain language of § 1983 allows suits for injunctions only after a litigant has sought a declaratory judgment").

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

May 5, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

10

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).